United States District Court
Eastern District of Michigan

**Devaki Williams, as Conservator of
H.P., a Protected Person**,

     Plaintiff,                   Civil No.

v.

                                     Honorable

**Mayra A. Troya-Nutt, M.D.**,     Mag. Judge

     Defendants.

---

## Notice of Removal

---

Mayra A. Troya-Nutt, M.D, petitioner herein, by her attorneys, pursuant to 42 U.S.C. § 233(c), hereby removes this action (Case No. 17-009505-NH), which is now pending in Wayne County Circuit Court for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

This action is removable because Mayra A. Troya-Nutt, M.D., at all times relevant to this matter, was an employee of Detroit Community Health Connection, which has been deemed eligible for coverage under the FTCA pursuant to the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102-501), 42 U.S.C. § 233(g). Accordingly, Detroit Community Health Connection is an "entity" within the meaning of 42 U.S.C. § 233(g), and Mayra A. Troya-Nutt, M.D., was an employee of an entity within the meaning of 42 U.S.C. § 233(g);

therefore, she is deemed to be an employee of the United States Public Health Service covered by 42 U.S.C. § 233(a) and (c).  (Ex. A – Deeming Letters with Agency Declaration).  Because she is deemed to be an employee of the U.S. Public Health Service, defendant Mayra A. Troya-Nutt, M.D is eligible for coverage under the FTCA pursuant to 42 U.S.C. § 233(a) and (g).  Under 42 U.S.C. § 233(a) and (g), a claim against the United States pursuant to the FTCA is the exclusive remedy available to the plaintiff in this case with respect to the alleged acts or omissions of defendant Mayra A. Troya-Nutt, M.D.

This action is also removable because the Attorney General, through his designee, Julie A. Beck, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, has certified that defendant Mayra A. Troya-Nutt, M.D, who was deemed to be an employee of the U.S. Public Health Service, was acting within the scope of her employment at the time of the incident out of which this suit arose.  (Ex. B – Certificate of Scope of Employment).

This removal is timely because an action may be removed under 42 U.S.C. 233(c) ". . . at any time before trial . . . ."  A copy of the complaint that was filed in the Wayne County Circuit Court is attached.  (Ex. C – State Court Summons and Complaint).

**Daniel L. Lemisch**
Acting United States Attorney

*s/Zak Toomey*

**Zak Toomey** (MO61618)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-9617
Email:  zak.toomey@usdoj.gov

Date:  September 22, 2017

## **Certificate of Service**

I hereby certify that on September 22, 2017, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

n/a

I further certify that I have mailed by U.S. mail the foregoing paper to the

following non-ECF participants:

Charles R. Ash
1 Towne Square, Ste. 1700
Southfield, MI  48076-3739

Jennifer Wright Greenman
Kitch Drutchas Wagner Valitutti & Sherbrook
1 Woodward Ave., Ste. 2400
Detroit, MI  48226

*s/Zak Toomey*
**Zak Toomey**
Assistant U.S. Attorney

**U.S. District Court for the
Eastern District of Michigan**

**<u>Index of Exhibits</u>**

1.  FTCA Deeming Notice and Agency Declaration Verifying Employment

2.  DOJ Certification of Scope of Employment

3.  State of Michigan Summons and Complaint

| FTCA DEEMING NOTICE NO.:<br>1-F00000431-13-01 | GRANT NUMBER:<br>H80CS00398 |  |
|---|---|---|

Detroit Community Health Connection
13901 EAST JEFFERSON AVENUE
DETROIT, MI 48215-2720

Dear Wayne W. Bradley, Sr.:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Detroit Community Health Connection to be an employee of the PHS, for the purposes of section 224, effective 1/1/2014 through 12/31/2014.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Detroit Community Health Connection and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/14/2013 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000431-13-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:** FROM: 1/1/2014 THROUGH: 12/31/2014 | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:** Detroit Community Health Connection 13901 EAST JEFFERSON AVENUE DETROIT, MI 48215-2720 | **⊕HRSA**<br><br>**NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:** Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:** Wayne W. Bradley, Sr. | |
| **8a. GRANTEE ORGANIZATION:** Detroit Community Health Connection | |
| **8b. GRANT NUMBER:** H80CS00398 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/14/2013 11:57:34 AM*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

Devaki Williams, as Conservator of Harmoni
Payne, a Protected Person,

                    Plaintiffs,

     v.

Hutzel Women's Hospital, VHS Harper-Hutzel
Hospital, Inc., Mayra A. Troya-Nutt, M.D., Layan
Al-Rahmani, M.D., Sharif Sakr, M.D., Aliye
Runyan, M.D., Rehab Mohsen Shabana, M.D.,
East Riverside Health Center, Detroit Community
Health Connection, and SWHC-Dr. Sophie
Womack Health Center,

                    Defendants.

## DECLARATION OF
## MEREDITH TORRES

1.    I am a Senior Agency Attorney in the General Law Division, Office of the General

Counsel, Department of Health and Human Services (the "Department").   I am familiar with the

official records of administrative tort claims maintained by the Department as well as with the

system by which those records are maintained.

2.    The Department has a Claims Branch that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort

Claims Act malpractice coverage.

3.    As a consequence, if a tort claim had been filed with the Department with respect to

Detroit Community Health Connection, its approved delivery sites, or its employees or qualified

contractors, a record of that filing would be maintained in the Claims Branch's database.

4.   I caused a search of the Claims Branch's database to be conducted and found that on October 17, 2016, the Department received an administrative tort claim filed by Charles R. Ash, III, Esquire, an authorized representative for Devaki Williams and Hosea Payne, on behalf of Harmoni Payne (minor), relating to Detroit Community Health Connection and Dr. Mayra A. Troy-Nutt. On September 20, 2017, a final determination was made by the Department and a denial letter has been issued to the Plaintiffs.

5.   I have also reviewed official agency records and determined Detroit Community Health Connection was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014 and coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of these notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Detroit Community Health Connection are attached to this declaration as Exhibit 1.

6.   Official agency records further indicate that Mayra Troya-Nutt, M.D., was an employee of Detroit Community Health Connection at all times relevant to the Plaintiff's complaint in this case.

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _20th_ day of _September_____, 2017.

_Meredith Torres_
MEREDITH TORRES
Attorney, Claims and Employment Law Branch
General Law Division, Office of the General Counsel
Department of Health and Human Services

United States District Court
Eastern District of Michigan

**Devaki Williams, as Conservator of**
**H.P., a Protected Person,**

Plaintiff,

v.

**Mayra A. Troya-Nutt, M.D.,**

Defendant.

Civil No.

Honorable
Mag. Judge

---

## Certification of Scope of Employment

---

Pursuant to the Federally Supported Health Centers Assistance Act of 1992 (Pub.L. 102-501), 42 U.S.C. § 233(c), (g)-(n), and by virtue of the authority vested in the United States Attorney for the Eastern District of Michigan by the Attorney General under 28 C.F.R. § 15.3, and re-delegated to me by the administrative directive of the United States Attorney, I hereby certify:

1.  I have read the complaint in this action, all attachments thereto and information provided to this office by the U.S. Department of Health and Human Services.

2.  On the basis of the information now available, the defendant Mayra A. Troya-Nutt, M.D., was an employee of the Detroit Community Health Connection, an entity deemed to be an employee of the U.S. Public Health Service within the meaning of 42 U.S.C. § 233(c) and (g), and was acting within the scope of such employment at the time of the incident on which the complaint is based.

Therefore, Mayra A. Troya-Nutt, M.D., has been deemed eligible for

Federal Tort Claims Act coverage pursuant to the Federally Supported Health

Centers Assistance Act of 1992 (Pub.L. 501), 42 U.S.C. § 233(g)-(n).


**Julie A. Beck (**P53291)
Assistant U.S. Attorney
Chief, Civil Division
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
(313) 226-9717

Dated:  September 22, 2017

2

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 17-009505-NH Hon. John A. Murphy |
|---|---|---|

2 Woodward Ave , Detroit MI 48226

Court Telephone No 313-224-0142

| **Plaintiff** Williams (Conservator), Devaki | v | **Defendant** Troya-Nutt, Mayra A , M D |
|---|---|---|
| **Plaintiff's Attorney** Charles R Ash, P-37971 1 Towne Sq Ste 1700 Southfield, MI 48076-3739 | | **Defendant's Attorney** |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified

1    You are being sued

2    **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2 111[C])

3    If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint

| Issued 6/23/2017 | This summons expires 9/22/2017 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date  This document must be sealed by the seal of the court

**COMPLAINT** *Instruction · The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court

The action ☐ remains ☐ is no longer   pending  The docket number and the judge assigned to the action are

| Docket no | Judge | Bar no |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court

The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

6/23/2017
Date

Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2 102(B)(11), MCR 2 104, MCR 2 105, MCR 2 107, MCR 2 113(C)(2)(a),(b), MCR 3 206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 17-009505-NH |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons  You must make and file your return with the court clerk  If you are unable to complete service you must return this original and all copies to the court clerk

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2 104[A][2]), and that.          (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that          (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s)

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                            Date

My commission expires _____   Signature _____
                                              Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of _____

Signature

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 17-009505-NH Hon. John A. Murphy |
|---|---|---|

2 Woodward Ave , Detroit MI 48226          Court Telephone No 313-224-0142

| **Plaintiff** <br> Williams (Conservator), Devaki | v | **Defendant** <br> Troya-Nutt, Mayra A , M.D |
|---|---|---|
| **Plaintiff's Attorney** <br> Charles R Ash, P-37971 <br> 1 Towne Sq Ste 1700 <br> Southfield, MI 48076-3739 | | **Defendant's Attorney** |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified

1. You are being sued
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state)   (MCR 2 111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint

| Issued <br> 6/23/2017 | This summons expires <br> 9/22/2017 | Court clerk <br> File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date  This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600 8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court

The action ☐ remains   ☐ is no longer   pending  The docket number and the judge assigned to the action are

| Docket no | Judge | Bar no |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court

The action ☐ remains   ☐ is no longer   pending.  The docket number and the judge assigned to the action are

| Docket no | Judge | Bar no |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

6/23/2017
Date        Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (5/15) **SUMMONS AND COMPLAINT** MCR 2 102(B)(11), MCR 2 104, MCR 2 105, MCR 2 107, MCR 2 113(C)(2)(a),(b), MCR 3 206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DEVAKI WILLIAMS, as Conservator of
H.          P.          , a Protected Person,

    Plaintiff,

-vs-

HUTZEL WOMEN'S HOSPITAL, an assumed
name of VHS HARPER-HUTZEL HOSPITAL, INC ,
VHS HARPER-HUTZEL HOSPITAL, INC., a Delaware
Corporation, MAYRA A  TROYA-NUTT, M.D ;
LAYAN AL-RAHMANI, M D ; SHARIF SAKR, M.D.;
ALIYE RUNYAN, M.D  and REHAB MOHSEN
SHABANA, M.D , Jointly and Severally,

    Defendants.

_____/

Case No   2017-          -NH

HON.                    17-009505-NH

FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/23/2017 11.52:22 AM
CATHY M  GARRETT

CHARLES R. ASH, III (P37971)
Attorneys for Plaintiff
Sommers Schwartz, P.C.
One Towne Square, 17th Floor
Southfield, MI  48076
(248) 355-0300 phone
(248) 936-2115 fax

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

There is no other civil action pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

**COMPLAINT, DEMAND FOR TRIAL BY JURY
AND
AFFIDAVIT OF MERIT OF FRED J. DUBOE, M.D.**

**NOW COMES** Plaintiff, **DEVAKI WILLIAMS, as Conservator of** H         P.        , a

**Protected Person**, by and through her attorneys, **SOMMERS SCHWARTZ, P.C.**, and complaining

against the above-named Defendants, states:

1.      That at all times pertinent hereto, Plaintiff was and still is a resident of the City of Detroit, County of Wayne, State of Michigan

2.      That at all times pertinent hereto, Plaintiff, DEVAKI WILLIAMS, was appointed by the Circuit Court of Wayne County as the Conservator of H          P,          , Protected Person, a minor on May 14, 2017

3       That the amount in controversy in this cause exceeds Twenty-five Thousand ($25,000 00) Dollars, exclusive of interest and costs, and this cause is otherwise within the jurisdiction of this Court.

4.      That at all times pertinent hereto, Defendants, MAYRA A. TROYA-NUTT, M.D , LAYAN AL-RAHMANI, M.D., SHARIF SAKR, M.D , ALIYE RUNYAN, M.D. and REHAB MOHSEN SHABANA, M.D., were engaged in the practice of their profession in the City of Detroit, County of Wayne, State of Michigan, and held themselves out to the public and in particular, to Plaintiff, DEVAKI WILLIAMS, as skilled and competent doctors specializing in the field of obstetrics and gynecology, and capable of properly and skillfully treating, caring for and curing individuals seeking their services.

5       That Defendants, MAYRA A  TROYA-NUTT, M D., LAYAN AL-RAHMANI, M.D , SHARIF SAKR, M.D., ALIYE RUNYAN, M D  and REHAB MOHSEN SHABANA, M.D., owed Plaintiff, DEVAKI WILLIAMS, and her unborn child, H          P,          , the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians specializing in obstetrics and gynecology throughout the nation and to use reasonable care and diligence in the exercise of her skill and application of her learning in the care and treatment of Plaintiff, DEVAKI WILLIAMS, and her unborn child, H          P          , in accordance with the standards prevailing throughout the nation.

LAW OFFICES
SOMMERS SCHWARTZ, P C
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

2

6.      That at all times pertinent hereto, Defendants, MAYRA A. TROYA-NUTT, M.D.,
LAYAN AL-RAHMANI, M.D., SHARIF SAKR, M D , ALIYE RUNYAN, M.D. and REHAB
MOHSEN SHABANA, M.D., assumed responsibility for properly managing Plaintiff's labor and
delivery.

7       That at all times pertinent hereto, Defendants, MAYRA A. TROYA-NUTT, M.D.,
LAYAN AL-RAHMANI, M.D., SHARIF SAKR, M.D , ALIYE RUNYAN, M.D. and REHAB
MOHSEN SHABANA, M.D., undertook to examine, diagnose, treat, attend and care for Plaintiff,
DEVAKI WILLIAMS, and her unborn child, H          P.

8.      That at all times relevant hereto, the Defendant, HUTZEL WOMEN'S HOSPITAL, an
assumed name of VHS HARPER-HUTZEL HOSPITAL, INC , hereinafter referred to as HUTZEL
WOMEN'S HOSPITAL, located in the City of Detroit, County of Wayne, State of Michigan, and that
at all times relevant hereto, and for many years past, said Defendants has been engaged in the
operation of said hospital, pursuant to MCLA 331.442, MCLA 333.20141 and 333 21513, where
persons afflicted with illness and disease are given care and treatment for a consideration

9       That at all times pertinent hereto, Defendant, HUTZEL WOMEN'S HOSPITAL,
represented and held out to the public and, in particular, to Plaintiff, DEVAKI WILLIAMS, and
her unborn child, H          P        , that said Hospital was equipped, qualified and prepared
to receive the public and, in particular, Plaintiff, DEVAKI WILLIAMS, and her unborn child,
H          P        , for treatment and care and that it employed and maintained on its staff
skilled and competent physicians, obstetrician and gynecologist, residents, interns, nurses and,
in general, competent help otherwise in the conduct and operation of said Hospital

10.     That at all times pertinent hereto, Defendants, MAYRA A TROYA-NUTT, M.D ,
LAYAN AL-RAHMANI, M D., SHARIF SAKR, M.D , ALIYE RUNYAN, M.D. and REHAB
MOHSEN SHABANA, M.D., were the apparent, ostensible, implied and/or express agents of

LAW OFFICES
SOMMERS SCHWARTZ, P.C
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

3

and/or were employed by Defendant, was acting within the course and scope of said *employment and/or agency when the acts of negligence and malpractice, hereinafter set forth* and described were committed, thereby imposing vicarious liability upon Defendant, HUTZEL WOMEN'S HOSPITAL, by reason of the doctrine of Respondeat Superior.

11.     That in addition to the acts of negligence and malpractice hereinafter set forth and described, for which Defendant, HUTZEL WOMEN'S HOSPITAL, is vicariously liable, Plaintiff assert that said Defendant was guilty of active and/or passive negligence and malpractice by reason of the acts of Defendants, MAYRA A TROYA-NUTT, M D., LAYAN AL-RAHMANI, M D , SHARIF SAKR, M.D., ALIYE RUNYAN, M D and REHAB MOHSEN SHABANA, M D , as well as and including the acts and/or failure to act on the part of all hospital personnel and ancillary personnel, beginning October 16, 2014, and for a period of time thereafter.

12.     That Defendant, HUTZEL WOMEN'S HOSPITAL, is responsible for the operation of its hospital, the selection of the medical staff, and for the quality of care rendered in said Hospital pursuant to MCLA 333 20141 and 333 21513.

13     That Defendant, HUTZEL WOMEN'S HOSPITAL, owed Plaintiff DEVAKI WILLIAMS, and her unborn child, H,        P    , the duty to provide Plaintiff with physicians, professional nursing, technical and support personnel, and the technical, diagnostic and treatment services and equipment necessary to assure the safe performance of the health care undertaken by or in their facility pursuant to MCLA 333.20141.

14     That on or about October 16, 2014, and for a period of time thereafter, Plaintiff, DEVAKI WILLIAMS, did deliver and submit herself to Defendant, HUTZEL WOMEN'S HOSPITAL as an inpatient for proper management of her labor and delivery of her child, and did then and there, impliedly and/or expressly, hire and employ Defendants, MAYRA A. TROYA-NUTT, M.D , LAYAN AL-RAHMANI, M D , SHARIF SAKR, M D., ALIYE RUNYAN, M D and

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE   •   17ᵗʰ FLOOR   •   SOUTHFIELD, MICHIGAN 48076   •   (248) 355-0300

REHAB MOHSEN SHABANA, M D , to do that which was proper and necessary in the premises, in accordance with the prevailing standards of hospitals and in accordance with the standards of physicians throughout the nation, and that said Defendants did then and there, impliedly and/or expressly, represent to use due, reasonable and proper skill in the care and treatment of Plaintiff, DEVAKI WILLIAMS, and her unborn child, H,       P       , in accordance with the standards then prevailing throughout the nation.

15     That at all times pertinent hereto, Defendant, HUTZEL WOMEN'S HOSPITAL, by and through its duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend and care for Plaintiff, DEVAKI WILLIAMS, and her unborn child, H.       P

16.     That Defendant, HUTZEL WOMEN'S HOSPITAL, by and through its duly authorized agents, servants and/or employees, had the duty to provide Plaintiff, DEVAKI WILLIAMS, and her unborn child, H       P,       , with the services of a competent, qualified and licensed staff of physicians, obstetricians and gynecologists, residents, interns, nurses and other employees to properly diagnose her condition, to render competent advice and assistance in the care and treatment of her case, and to render the same in accordance with the applicable standard of care

17.     That the above referred to individuals were, at all times hereinbefore and hereinafter mentioned, directly employed by Defendant Hospital and/or were acting as the apparent, ostensible or implied agents of said Hospital

18     That the above referred to individuals were, at all times hereinbefore and hereinafter mentioned, directly employed by Defendant, HUTZEL WOMEN'S HOSPITAL, by and through their duly authorized agents, servants and/or employees, and Defendants, MAYRA A. TROYA-NUTT, M D , LAYAN AL-RAHMANI, M.D., SHARIF SAKR, M D , ALIYE RUNYAN, M.D.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

and REHAB MOHSEN SHABANA, M.D., and each of them, in disregard of their duties and obligations to Plaintiff and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars:

a.   Failing and neglecting to provide and furnish Plaintiff with the proper and necessary medical care and treatment for which she sought,

b.   To possess the degree of skill and learning ordinarily possessed by medical physicians specializing in the field of obstetrics and gynecology;

c.   To treat Devaki Williams and her then unborn child, H     P     , in accordance with the standard of care for physicians practicing in the field of obstetrics and gynecology;

d.   To recognize the risks of a shoulder dystocia;

e.   To implement a plan to safely manage and monitor Devaki Williams's labor and delivery,

f.   To timely diagnose a shoulder dystocia at the time of delivery;

g.   To accurately document the time at which the head, the shoulders, and the body were delivered especially when maneuvers are utilized to effectuate a delivery complicated by shoulder dystocia;

h.   To document the time in which delivery maneuvers were employed and the cumulative head to body delivery interval,

i.   To avoid excessive downward lateral traction and/or rotational traction on the fetal head and neck in the management of a delivery complicated by shoulder dystocia;

j.   To not exceed the appropriate amount of traction in the conduct of a delivery complicated by shoulder dystocia;

k.   To utilize and carry out the obstetrical maneuvers accurately so as to effectuate delivery without causing permanent injuries,

l.   To instruct the patient to stop pushing, in the face of shoulder dystocia, without first performing a maneuver to effect release of the fetal shoulder;

m.   To discontinue the use of the Pitocin upon recognition and/or identification of a shoulder dystocia,

n.   To utilize certain obstetrical maneuvers and follow protocol when the Respondents recognized the shoulder dystocia, said maneuvers including, but not limited to: McRoberts' maneuver, suprapubic pressure, rotating the

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

fetal shoulder away from the midline, manual delivery of the posterior arm, and other obstetrical maneuvers to avoid excessive downward traction and/or trauma to the infant,

o.     To document and perform the obstetrical maneuvers correctly to effectuate delivery,

p.     To properly manage and supervise a shoulder dystocia encountered at delivery and avoid the use of any maneuvers or directions by the nursing staff that would result in further impaction of the shoulder; and

q.     Any and all other acts of negligence or malpractice uncovered during discovery

19     That the acts and/or omissions constituting negligence and/or malpractice of the Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to Minor Plaintiff's severe and grievous injuries, including, stretching, trauma, and other injuries to those nerves in the brachial plexus complex resulting in a permanent left brachial plexus including a ruptured C5 nerve root, C5 was completely detached from the upper trunk, multiple avulsions of the nerve roots of C6, C7 and C8, the suprascapular nerve, and the anterior and posterior divisions of the upper trunk

20     That the acts and/or omissions constituting negligence and/or malpractice of the Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to the deprivation of Minor Plaintiff's normal enjoyments of life as well as and including but not limited to pain, suffering, humiliation, embarrassment, loss of wages, diminution of earning capacity, disability, disfigurement, mental and emotional anguish and anxiety   All of these conditions are consequences of Defendants' negligence and malpractice, and are permanent and will continue indefinitely in the future

21.     That the acts and/or omissions constituting negligence and/or malpractice of Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to Minor Plaintiff's expenses including, but not limited to, expenditures for extensive

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  17ᵀᴴ FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

medical, surgical, psychiatric and psychological care and treatment, hospitalization, training, therapy, physicians, therapists, nurses, hospitals, appliances, medicinal substances and other items. All of these expenditures became necessary totally or partially as a consequence of Defendants' negligence and malpractice and Minor Plaintiff's condition which requires these expenditures is permanent in nature and will continue indefinitely into the future thus requiring Plaintiff to expend similar sums and incur similar obligations.

**WHEREFORE**, Plaintiff, DEVAKI WILLIAMS, as Conservator for H          P,          , a Protected Person, claims judgment against the Defendants, HUTZEL WOMEN'S HOSPITAL, an assumed name of VHS HARPER-HUTZEL HOSPITAL, INC., and MAYRA A TROYA-NUTT, M.D , LAYAN AL-RAHMANI, M D., SHARIF SAKR, M.D., ALIYE RUNYAN, M.D and REHAB MOHSEN SHABANA, M.D., Jointly and Severally, for whatever amount said Plaintiff is found to be entitled, as determined by the trier of fact, together with interest, costs and attorney fees

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

Respectfully submitted,

*/s/ CHARLES R. ASH, III*
Attorney for Plaintiff
Sommers Schwartz, P.C
One Towne Square, 17th Floor
Southfield, MI 48076
Phone· (248) 355-0300
Email· cash@sommerspc.com
P37971

Dated: June 23, 2017

LAW OFFICES
SOMMERS SCHWARTZ, P. C.
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

LAW OFFICES
**SOMMERS SCHWARTZ, P C**
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

## AFFIDAVIT OF MERIT OF FRED J. DUBOE, M.D.

RE: Harmoni Payne, minor

STATE OF ILLINOIS )
) SS
COUNTY OF ___*Cook*___ )

FRED J. DUBOE, M.D., being first duly sworn, deposes and says:

1.    I am a medical physician specializing and board certified in Obstetrics and Gynecology and licensed to practice medicine in the State of Illinois.

2.    That during the year of the occurrence which is the basis for the claim and for at least one year prior, I devoted more than 50% of my professional time to the clinical practice of Obstetrics and Gynecology.

3.    *I have reviewed Plaintiffs' Notice of Intent to File A Claim and all medical records* supplied to me by Plaintiffs' attorneys concerning the allegations contained in said Notice.

4.    The applicable standard of practice or care in this matter required that Hutzel Women's Hospital; VHS Harper-Hutzel Hospital, Inc.; East Riverside Health Center; Detroit Community Health Connection; SWHC-Dr. Sophie Womack Health Center; Mayra A. Troya-Nutt, M.D.; Sharif Sakr, M.D., Aliye Runyan, M.D.; Rehab Mohsen Shabana, M.D., provide the following care and treatment to Devaki Williams and her unborn child, H    P

    a.    To possess the degree of skill and learning ordinarily possessed by medical physicians specializing in the field of obstetrics and gynecology;

    b.    To treat Devaki Williams and her then unborn child, H    P    , in accordance with the standard of care for physicians practicing in the field opf obstetrics and gynecology;

    c.    To recognize the risks of a shoulder dystocia;

    d.    To implement a plan to safely manage and monitor Devaki Williams's labor and delivery;

    e.    To timely diagnose a shoulder dystocia at the time of delivery;

SOMMERS SCHWARTZ, P.C.   •   ONE TOWNE SQUARE   •   17th FLOOR   •   SOUTHFIELD, MICHIGAN 48076   •   (248) 355-0300

2

6.     The actions that should have been taken by the health professionals and health facilities in order to have complied with the applicable standards of care are as follows:

a.     To possess the degree of skill and learning ordinarily possessed by medical physicians specializing in the field of obstetrics and gynecology;

b.     To treat Devaki Williams and her then unborn child, H          P          in accordance with the standard of care for physicians practicing in the field of obstetrics and gynecology;

c.     *To recognize the risks of a shoulder dystocia;*

d.     To implement a plan to safely manage and monitor Devaki Williams's labor and delivery;

e.     To timely diagnose a shoulder dystocia at the time of delivery;

f.     To accurately document the time at which the head, the shoulders, and the body were delivered especially when maneuvers are utilized to effectuate a delivery complicated by shoulder dystocia;

g.     To document the time in which delivery maneuvers were employed and the cumulative head to body delivery interval;

h.     To avoid excessive downward lateral traction and/or rotational traction on the fetal head and neck in the management of a delivery complicated by shoulder dystocia;

i.     To not exceed the appropriate amount of traction in the conduct of a delivery complicated by shoulder dystocia;

j.     To utilize and carry out the obstetrical maneuvers accurately so as to effectuate delivery without causing permanent injuries;

k.     To instruct the patient to stop pushing, in the face of shoulder dystocia, without first performing a maneuver to effect release of the fetal shoulder;

l.     To discontinue the use of the Pitocin upon recognition and/or identification of a shoulder dystocia;

4

m. To utilize certain obstetrical maneuvers and follow protocol when the Respondents recognized the shoulder dystocia, said maneuvers including, but not limited to: McRobert's maneuver, suprapubic pressure, rotating the fetal shoulder away from the midline, manual delivery of the posterior arm, and other obstetrical maneuvers to avoid excessive downward traction and/or trauma to the infant;

n. To document and perform the obstetrical maneuvers correctly to effectuate delivery; and

o. To properly manage a shoulder dystocia encountered at delivery and *avoid the use of any maneuvers or directions by the nursing staff that* would result in further impaction of the shoulder.

7. As a result of the breaches of the standards of practice and care, according to the medical records, the Respondents, caused and/or were a proximate cause of H: P 's injuries by allowing the mother to push when a shoulder dystocia was initially discovered, failing to discontinue the use of Pitocin, and allowing the Respondents to use excessive downward, lateral and/or rotational traction on her head and neck during delivery when a shoulder dystocia was encountered. Further, the health care providers' failure to avert the application of excessive traction on the head and neck after the delivery of the infant's head, in an attempt to effectuate delivery of the shoulder and rest of the body, resulted in *stretching, trauma, and other injuries to those nerves in the brachial plexus complex* resulting in a permanent left brachial plexus including a ruptured C5 nerve root, C5 was completely detached from the upper trunk, multiple avulsions of the nerve roots of C6, C7 and C8, the suprascapular nerve, and the anterior and posterior divisions of the upper trunk.

8. As a result, H P , suffered a permanent and severe injury to the left brachial plexus nerves requiring additional care and treatment including, but not limited to: surgery, physical therapy, occupational therapy, and other treatment and assistance.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

9.     The opinions expressed in this Affidavit are based upon the documents and materials referred to in paragraph 3 above and are subject to modification based upon additional information which might be provided at some future date.

10.     I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.

_____
FRED J. DUBOE, M.D.

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF _Du Page_      )

Sworn to (or affirmed) and subscribed before me this ___1st___ day of ___June_, 2017, by

_____
Notary Public's Full Signature as it appears on Notary Certificate

___Maria Rutigliano___
Notary Public Name (Type or Print)
Date of Notary Expiration: __03/11/2020__
Personally known _____
OR Produced Identification __✓__
Type of Identification Produced __DL__

(SEAL)

"OFFICIAL SEAL"
MARIA RUTIGLIANO
Notary Public - State of Illinois
My Commission Expires March 11, 2020

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

6